AARON D. FORD
  Attorney General
Steve Shevorski (Bar No. 8256)
  Chief Litigation Counsel
D. Randall Gilmer (Bar No. 14001)
  Chief Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3427 (phone)
(702) 486-3773 (fax)
sshevorski@ag.nv.gov
dgilmer@ag.nv.gov

*Attorneys for Defendants State of Nevada ex rel.
Nevada Department of Corrections and Charles Daniels*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAWNYELL FLYNN, an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS, a public entity of the State of Nevada; DONALD BURSE, an individual; CHARLES DANIELS, director, in his official capacity; and Doe Nevada Department of Corrections Employees 1-10, in their individual and official capacities,<br><br>           Defendants. | Case No.<br><br><br>**PETITION FOR REMOVAL UNDER 28 U.S.C. § 1331, 1367, 1441, and 1446** |

      Defendants, Nevada Department of Corrections and Charles Daniels, in his official capacity (collectively, "NDOC"), by and through counsel, remove the case titled *Dawnyell Flynn v. State of Nevada ex rel. its Department of Corrections, et al.*, Case No. A-22-856144-C, from Nevada's Eighth Judicial District to the United States District Court for the District of Nevada under 28 U.S.C. § 1331, 1367, 1441, and 1446. Copies of all items on the state court docket are attached hereto as Exhibit A.

. . .

**A.  Background**

1. Plaintiff, Dawnyell Flynn ("Flynn"), filed her complaint in the Eighth Judicial District Court on July 29, 2022.

2. The Nevada Office of the Attorney General accepted service of the second amended complaint for NDOC on September 19, 2022.

**B.  Federal question jurisdiction**

3. This Court has subject matter jurisdiction under federal question jurisdiction under 28 U.S.C. §1331.

4. Flynn in her first cause of action against Defendant Donald Burse ("Burse") that Burse violated the Eighth Amendment to the United State Constitution by sexually assaulting Flynn on two occasions. Flynn in her second cause of action contends that NDOC violated Eighth Amendment to the United State Constitution by acting with deliberate indifference to a substantial risk of injury to Flynn from abuse at the hands of Burse.

**C.  Supplemental jurisdiction**

5. This Court has supplemental jurisdiction under 28 U.S.C. §1367(a).

6. Flynn alleges claims for battery (third cause of action), false imprisonment (fourth cause of action), and intentional infliction of emotional distress (fifth cause of action). All of these claims arise from the same common nucleus of operative facts as Flynn's sexual assault and deliberate indifference claims under 42 U.S.C. §1983.

7. Like Flynn's claims under 42 U.S.C. §1983, Flynn contends under state tort and law that NDOC injured her when Burse allegedly sexually assaulted her.

**D.  All procedural requirements for removal have been met**

8. Venue is proper in this court, as this is the court for the district and division embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

9. NDOC petition for removal is timely. The time for removal does not start until completion of service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). This petition for removal has been filed within thirty

(30) days of the Office of the Attorney General's acceptance of service for NDOC of the complaint on September 19, 2022. *See* 28 U.S.C. § 1446(b)(1).

10. Upon information and belief, Doe Offender Management Administrator, Does I-X, Black and White Companies I-X, and ABC Corporations have not been served, and therefore, their consent is not required. 28 U.S.C. §1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984), overruled on other grounds by *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988).

11. Removal is not unanimous, but it need not be in this circumstance. Burse has not been served with process, and so, NDOC has not been able to obtain his consent to this petition for removal. 28 U.S.C. §1446(b)(2)(A). 28 U.S.C. § 1446(b)(2)(A). 28 U.S.C. § 1446(b)(2)(A) provides only that "defendants who have been properly joined and served must join in or consent to the removal of the action." The Ninth Circuit has also held that unserved defendants are not required to join in or consent to removal. *Baiul v. NBC Sports*, 732 Fed. App'x 529, 530-31 (9th Cir. 2018).

**E.  Conclusion**

12. By this petition for removal and attachments, NDOC does not waive any objections or defenses it may have to this action. NDOC intends no admission of fact, law, or liability by this petition, and expressly reserves all defenses, motions, and/or pleas.

DATED this 19th day of October 2022.

AARON D. FORD
Attorney General

By: */s/ Steve Shevorski*
Steve Shevorski (Bar No. 8256)
Chief Litigation Counsel
D. Randall Gilmer (Bar No. (14001)
Chief Deputy Attorney General

*Attorneys for Defendants State of Nevada ex rel. Nevada Department of Corrections and Charles Daniels*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system on the 12th day of October 2022.

I further certify that I emailed and sent by United States Mail the foregoing to the following counsel of record:

Sadmira Ramic, Esq.
Christopher M. Peterson, Esq.
Sophia A. Romero, Esq.
AMERICAN CIVIL LIBERTIES UNION OF NEVADA
601 South Rancho Drive, Suite B-11
Las Vegas, NV 89106
ramic@aclunv.org
peterson@aclunv.org

/s/ *Sunny Southworth*
Sunny Southworth, an employee of the
Office of the Attorney General