UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAWNYELL FLYNN,<br><br>     Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>     Defendant(s). | Case No. 2:22-cv-01753-JAD-NJK<br><br>**Order**<br><br>[Docket No. 39] |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss, which they filed on an emergency basis. Docket No. 39. The "emergency" appears to be that discovery response deadlines and case management deadlines are upcoming. *See id.* at 8. The obvious problem in seeking emergency relief now is that Defendants could have sought the same relief months ago. That Defendants did not seek relief when they should have and are now up against deadlines is not justification to obtain emergency relief. *E.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) ("Emergency motions are not intended to save the day for parties who have failed to present requests when they should have" (quotations and citation omitted)). Accordingly, Defendants' request for emergency treatment of this motion is **DENIED**.

The Court will, however, expedite briefing somewhat.[1] Before setting a briefing schedule, however, the Court addresses some deficiencies in Defendants' motion. As a threshold matter, Defendants appear to be seeking a stay of discovery without relying on the well-worn preliminary peek framework. Defendants seek relief, instead, based largely on contentions of "burden" in engaging in discovery. *See* Docket No. 39 at 5-6. Although not explicitly stated, Defendants

---

[1] To be crystal clear, the discovery deadlines identified in the emergency motion (Docket No. 39 at 8) continue to govern and are <u>not</u> held in abeyance by the advancement of the briefing schedule. All discovery deadlines must be met unless and until the Court orders otherwise.

1

appear to be presenting argument that track a new line of cases that has emerged recently in this District. *See, e.g.*, *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-2159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021). Defendants have failed to explain, however, whether the approach taken in that case law is legally tenable and, if it is, whether the standards stated therein have been satisfied. Defendants also argue that state law discretionary immunity not only provides for dismissal, but shields them from discovery. Docket No. 39 at 6-8 (arguing that this immunity shields Defendants from "the burdens of litigation"). Judge Dorsey will address whether the arguments for dismissal have merit. For purposes of the contention that the immunity shields Defendants from discovery, however, more argument is required. In particular, the instant motion fails to square that assertion with the fact that they agreed to participate in discovery months ago. *See* Docket No. 23 (stipulated discovery plan filed on June 12, 2023). Hence, to the extent state law immunity might be meant to shield officers from discovery, it is unclear why such protection has not been forfeited based on the circumstances of this case.[2]

Accordingly, Defendants must file a supplement addressing the issues identified above by December 18, 2023. Plaintiff must file a response to the motion (and supplement) by December 21, 2023.[3] Defendants must file a reply by December 22, 2023.

IT IS SO ORDERED.

Dated: December 14, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court expresses no opinion herein on the issues identified.

[3] Counsel should be mindful that CMECF may provide automatically-generated notices that conflict with the deadlines set herein. In such event, <u>the deadlines set in this order control</u>. Local Rule IC 3-1(d).