# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAWNYELL TENAYA FLYNN,<br><br>　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA EX REL. NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　Defendants. | Case No.: 2:22-cv-01753-JAD-NJK<br><br>**ORDER** |

　　Pending before the Court is an order to show cause why sanctions should not be imposed on Defendants for failure to comply with a Court order. Docket No. 77. On February 28, 2024, United States District Court Judge Jennifer A. Dorsey entered a 90-day stay of this case pending the parties' participation in the Inmate Early Mediation Program. Docket No. 53. On May 28, 2024, the undersigned extended the stay and ordered that a stay report must be filed three days after the Inmate Early Mediation Conference. Docket No. 63. On November 22, 2024, the parties completed the conference, which was unsuccessful. Docket No. 71. Nonetheless, Defendants failed to file the stay report. *See* Docket. On March 20, 2025, the Court issued an order to show cause why Defendants should not be sanctioned for their failure to file the stay report in violation of the Court's order. Docket No. 77. On March 21, 2025, nearly four months after the conference, Defendants filed the stay report.[1] Docket No. 81.

　　Defendants' response states that case reassignment and attorney turnover led to their failure to file the 90-day report as ordered. Docket No. 80 at 3. Further, Defendants submit that the "deputy attorney general assigned to this case at the time of the [Inmate Early Mediation] was a junior deputy who may not have been aware of" the standard practice of the 90-day report in cases involving Inmate Early Mediations. *Id*. at 4, n1. The explanation is woefully insufficient, as

---

[1] Contrary to Defendants' assertion, Docket No. 80 at 4, a four-month delay is not "relatively minor."

attorneys are expected to manage their caseload, effectively communicate, and make appropriate arrangements to comply with their obligations to the Court, the opposing party, and their clients. Additionally, the submission of the report was ordered, not merely a part of a "standard practice." *See* Docket No. 63.

Deputy Attorneys General Iva Todorova, Marni Watkins, Sabrena Clinton, Victoria Corey, Jessica Whelan, and Kyle Hoyt are hereby **ADMONISHED**. The Court expects parties who practice in this Court to understand how to practice and to do so competently. *See Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998)

Further, the Court expects strict compliance with its orders and all governing rules moving forward. **Failure to practice competently and/or comply with the Court's orders and rules may result in the imposition of sanctions.**

Accordingly, the pending order to show cause is hereby **DISCHARGED**. Docket No. 77.

IT IS SO ORDERED.

Dated: March 24, 2025

                                                      Nancy J. Koppe
                                                      United States Magistrate Judge