**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dawnyell Flynn,

    Plaintiff

v.

State of Nevada, et al.,

    Defendants

Case No.: 2:22-cv-01753-JAD-NJK

**Order Denying Plaintiff's Motion for Entry of Clerk's Default and Granting Defendants' Motion to Extend Time to File Answer**

[ECF Nos. 86, 87]

    Plaintiff Dawnyell Flynn sues the Nevada Department of Corrections (NDOC) for allegedly failing to implement policies to prevent sexual assault of inmates at Florence McClure Women's Correctional Center by the institution's employees. The defendants—NDOC, its director James Dzurenda, and its chaplain Donald Burse—have all appeared and been participating in discovery in this case, but NDOC and Dzurenda[1] failed to file an answer to Flynn's amended complaint by the deadline. So Flynn moves to clerk to enter default against NDOC and Dzurenda, and NDOC responds with a motion to extend its answer deadline, explaining that its failure to file was an oversight caused by confusion over the length of a stay previously imposed in this case, as well as staffing changes at the Attorney General's office. Because NDOC's missed deadline was the result of excusable neglect, and in light of the court's strong preference that cases be decided on their merits, I deny Flynn's motion for clerk's default and grant NDOC's motion to extend time *nunc pro tunc* to April 24, 2025, making NDOC and Dzurenda's answer timely.

---

[1] I refer to NDOC and Dzurenda, collectively, as NDOC throughout this order.

**Background**

Flynn filed her original complaint in state court in July 2022.[2] In October, NDOC removed the case to this court and, in December, timely moved to dismiss the complaint.[3] After I screened Flynn's complaint and granted NDOC's dismissal motion in part, Flynn filed a first-amended complaint.[4] NDOC again moved to dismiss.[5] In February 2024, I denied that motion and stayed this case for 90 days so the parties could participate in the Inmate Early Mediation (IEM) Program.[6] But the mediation was scheduled after that 90-day period would run, so Magistrate Judge Nancy J. Koppe extended the deadline to expire three days after the IEM conference and ordered the parties to file a stay report on that date. But the parties did not reach a settlement at the November 2024 conference,[7] and the three-day deadline came and went without anything being filed in this case.

In March 2025, Flynn moved to lift the stay, noting that she had retained new counsel in January 2025, and that attorney discovered that the stay "had not been lifted by the court."[8] Flynn's attorney also attested that she tried to reach out to NDOC's counsel about this issue but didn't hear back.[9] In response, Judge Koppe issued an order finding that the stay was automatically lifted three days after the IEM concluded and directing the defendants to show

---

[2] *See* ECF No. 1-1.
[3] ECF Nos. 1, 4, 7.
[4] ECF Nos. 26, 27.
[5] ECF No. 31.
[6] ECF No. 53.
[7] ECF Nos. 70, 71.
[8] ECF No. 76.
[9] *Id.* at 4, ¶ 6.

cause why sanctions should not be imposed for their failure to file a stay report.[10] In its response, NDOC explained that its failure to act promptly was the result of case reassignment and attorney turnover at the Attorney General's Office.[11] Judge Koppe discharged the order to show cause, but she admonished the deputy attorneys general involved in this case that their explanation was "woefully insufficient" and reminded them that this court "expects parties who practice [in this district] to understand how to practice and to do so competently."[12]

On April 10, 2025—21 days after Judge Koppe confirmed that the stay had automatically lifted more than four months earlier—Flynn moved for entry of clerk's default, citing the fact that NDOC had not yet filed an answer to her amended complaint.[13] NDOC responded with a motion to retroactively extend time to file its answer, again relying on confusion over when the stay ended and attorney reassignments to contend that the failure to timely file was the result of excusable neglect.[14] NDOC filed its answer that same day.[15]

## Discussion

**A.   A clerk's default isn't warranted because NDOC has appeared in and defended against this action.**

Federal Rule of Civil Procedure 55 governs default and default judgment in federal court. Subsection (a) directs that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[10] ECF No. 77.
[11] ECF No. 80.
[12] ECF No. 83.
[13] ECF No. 86.
[14] ECF No. 87.
[15] ECF No. 88.

3

otherwise, the clerk must enter the party's default."[16]  Flynn moves for entry of clerk's default under this rule.  But NDOC has defended this action.  It removed the case to state court, moved for dismissal twice, and complied with its initial discovery obligations.

Flynn argues that NDOC's earlier participation in this case is irrelevant.  She points to the fact that NDOC failed to file an answer after the stay was lifted and has not responded to discovery requests that have been outstanding since February 2024.[17]  But NDOC has since filed an answer and, given this court's strong preference for deciding cases on their merits, I cannot conclude that entry of clerk's default is the appropriate course of action under these circumstances.  So I deny Flynn's motion for entry of clerk's default because NDOC has defended this action despite its recent neglect of this case.

**B.  It's a close question, but NDOC has shown excusable neglect sufficient to warrant a retroactive extension of its answer deadline.**

In an effort to correct its failure to timely answer Flynn's amended complaint, NDOC moves to retroactively extend its answer deadline and has contemporaneously filed its answer.[18]  It contends that, while this case was stayed, the attorneys assigned to defend it changed twice and both prior lawyers are either on leave or no longer work for the Attorney General's office.  NDOC's current counsel was assigned to this case "shortly after [Flynn] filed the motion to lift [the] stay."[19]  Counsel explains that confusion abounded over whether the stay had already been

---

[16] Fed. R. Civ. P. 55(a).

[17] ECF No. 91 at 3.  Flynn references a motion to compel that she filed in February 2024 to support this argument.  *See* ECF No. 52.  But that motion was denied without prejudice in light of the stay, and Flynn hasn't renewed it.  *See* ECF No 54.  So I don't consider NDOC's failure to respond to the motion to compel, or its failure to provide discovery that Flynn was seeking through that motion, when deciding the issues presented in this motion.

[18] ECF No. 87.

[19] *Id.* at 3 (cleaned up).

lifted after the IEM or if a court order was required to return this case to its litigation track. NDOC argues that this confluence of events constitutes excusable neglect and warrants an extension of its answer deadline.

To determine whether circumstances constitute excusable neglect, courts consider "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[20]  "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness."[21]

Flynn contends that she would be prejudiced by the extension because, as of April 29, 2025, less than seven weeks remained before the discovery cutoff, leaving her with little time to expound discovery on the 39 new affirmative defenses in NDOC's answer.[22]  NDOC responds that Flynn has failed to elaborate on what specific discovery she would need to accomplish and why it cannot be completed in the remaining time.  It argues that Flynn merely complains that she "will have to do what she always had to do: conduct discovery and prepare for trial," and points out that, "that is not prejudice, it is an ordinary burden of litigation."[23]

I find that Flynn would not be unduly prejudiced by permitting NDOC's late answer in this case.  If she believes that she cannot conduct discovery in the time allotted, the appropriate course of action is to seek leave to extend the discovery deadline and explain, in detail, the

---

[20] *Iopa v. Saltchuk-Young Bros, Ltd.*, 916 F.3d 1298 (9th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[21] *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (cleaned up).

[22] ECF No. 92 at 2–3.

[23] ECF No. 94.

circumstances that warrant such relief and what specific discovery she has not been able to obtain because of NDOC's delay. Those issues can be resolved with a remedy far short of barring NDOC from answering Flynn's complaint.

I also conclude that NDOC's failure to timely file its answer is a product of excusable neglect. At worst, the failure of NDOC's counsel to familiarize themselves with the deadlines in this case when it was transferred to them, as well as their failure to follow up on whether this case remained stayed after the IEM, amount to carelessness or negligence. There is also no indication that the delay was motivated by bad faith. So, given the court's preference for resolving cases on their merits, I find good cause to extend NDOC's deadline and return this case to the litigation track.

**Conclusion**

IT IS THEREFORE ORDERED that Dawnyell Flynn's motion for entry of clerk's default **[ECF No. 86] is DENIED**.

IT IS FURTHER ORDERED that NDOC's motion to extend time to file an answer **[ECF No. 87] is GRANTED** *nunc pro tunc* to April 24, 2025. All other deadlines in this case (ECF No. 85) remain the same.

_____
U.S. District Judge Jennifer A. Dorsey
June 11, 2025

6