UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Dawnyell Flynn,

    Plaintiff

v.

State of Nevada, et al.,

    Defendants

Case No.: 2:22-cv-01753-JAD-NJK

**Order Granting Motion to Seal**

[ECF Nos. 107, 118, 123]

Plaintiff Dawnyell Flynn moves to seal the deposition of Ivan Dubon, which Flynn attaches as an exhibit to her motion for summary judgment, and the deposition of Donald Burse, which she attaches to her response to Burse's summary-judgment motion and her reply in support of her motion for sanctions.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[5]

---

[1] ECF Nos. 106, 107, 118, 123.

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[5] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[6] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[7] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[8]

I find that the higher compelling-reasons standard applies in this context because the underlying summary-judgment motions are dispositive.[9] I reviewed Dubon's and Burse's sealed deposition transcripts[10] in camera and I conclude that there are compelling reasons to seal those exhibits in their entirety. The depositions contain information regarding ongoing internal investigations inside the Nevada Department of Corrections (NDOC) related to this case, as well as sensitive information about security operations at Florence McClure Women's Correctional Center. I am satisfied that releasing the information contained in the exhibits could potentially damage the parties and violate the privacy rights of other NDOC inmates named in the depositions. So I grant Flynn's motions to seal.

---

[6] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[7] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[8] *Id.* (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

[9] Flynn's motion for sanctions does not appear dispositive, but because I find that sealing Burse's deposition satisfies the compelling-reasons standard in order to support Flynn's summary-judgment response, I do not separately analyze whether it also satisfies the lesser good-cause standard.

[10] ECF No. 108 (sealed).

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Dawnyell Flynn's motions to seal **[ECF Nos. 107, 118, 123] are GRANTED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF Nos. 108, 119, 124, and 125.**

_____
U.S. District Judge Jennifer A. Dorsey
July 29, 2025