# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAWNYELL TENAYA FLYNN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA EX REL. NEVADA DEPARTMENT OF CORRECTIONS et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-01753-JAD-NJK<br><br>**Order**<br><br>[Docket No. 102] |

Pending before the Court is Plaintiff's renewed motion to compel. Docket No. 102. Defendants filed a response in opposition. Docket No. 116. Plaintiff filed a reply. Docket No. 127. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

Plaintiff's suit alleges Defendants, State of Nevada *ex rel.* Nevada Department of Corrections, and James Dzurenda, in his official capacity (collectively "State Defendants"), failed to protect Plaintiff from sexual assault by its formal employee, Defendant Donald Burse, while Plaintiff was in NDOC custody. *See* Docket No. 27.

On June 13, 2025, Plaintiff filed a motion to compel State Defendants to respond to numerous discovery requests. Docket No. 97. State Defendants filed a joint motion for protective order. Docket No. 98. On June 16, 2025, the Court denied Plaintiff's motion to compel without prejudice because the Court was "not persuaded that a sufficiently meaningful effort was made to at least narrow and focus the issues in dispute." Docket No. 99 at 2. The Court ordered the parties to reengage in conferral efforts and instructed that any renewed motion practice must be brought no later than June 30, 2025. *Id.*

The instant renewed motion to compel was filed on June 30, 2025. Docket No. 102. Plaintiff submits that counsel for the parties have engaged in extensive, good faith meet and confer efforts, yet significant discovery disputes reman unresolved. *Id.* at 2–3. Plaintiff submits that

there are outstanding discovery disputes regarding Plaintiff's first, second, and third set of requests for production of documents and second set of interrogatories. Docket No. 102. In response, State Defendants submit that "the majority of the alleged discovery disputes set forth by Plaintiff have been mooted by subsequent events that have permitted State Defendants to disclose documents previously withheld." Docket No. 116 at 5. State Defendants contend that the only request for production to which it objects and will not respond is request for production 53. *Id.* Plaintiff replies that "[t]his characterization does not fully account for the current status of discovery." Docket No. 127 at 2. Plaintiff contends that State Defendants have made some productions following filing of the instant motion; however, "significant gaps remain in their compliance with basic discovery obligations." *Id.*

## II.     STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes).

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

2

Relevance for the purposes of discovery is defined broadly. *See, e.g., V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c).

**III.    ANALYSIS**

Both parties concede that the landscape of discovery changed during the pendency of the instant motion. Docket Nos. 102, 116, 127. The parties have differing views on that discovery, but have not engaged in a renewed meet and confer, as required.

## IV. CONCLUSION

For the reasons discussed above, the motion to compel is **DENIED** without prejudice. Docket No. 102. The parties must engage in a renewed, robust meet and confer, as required. If necessary, any renewed motion to compel must be filed no later than October 10, 2025.

IT IS SO ORDERED.

Dated: September 24, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge