**ANTHONY P. SGRO, ESQ.**
Nevada Bar No. 3811
**ELAINE ODEH, ESQ.**
Nevada Bar No. 14099
**SGRO & ROGER**
2901 El Camino Avenue, Suite 204
Las Vegas, Nevada 89102
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
*tsgro@sgroandroger.com*
*eodeh@sgroandroger.com*
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DAWNYELL FLYNN, an individual,

Plaintiff,

v.

STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS, a public entity of the State of Nevada; DONALD BURSE, an individual; JAMES DZURENDA, director, in his official capacity; AND DOE NEVADA DEPARTMENT OF CORRECTIONS EMPLOYEES 1 – 10, in their individual and official capacity.

Defendant(s).

Case No. 2:22-CV-01753-JAD-NJK

**AMENDED FULLY EXECUTED PROPOSED JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

**IT IS ORDERED:**

**I.**

This is an action for civil-rights and state-law tort relief. Plaintiff DAWNYELL FLYNN, an inmate at the Florence McClure Women's Correctional Center ("FMWCC"), alleges that Defendant DONALD BURSE, then an institutional chaplain employed by the Nevada

Department of Corrections ("NDOC"), sexually assaulted and confined her in the prison chapel in 2020, and that NDOC and its Director are responsible for the resulting harm.

By Order entered March 18, 2026 (ECF No. 145), the Court granted Plaintiff summary judgment against Burse on her 42 U.S.C. § 1983 Eighth Amendment sexual-assault claim, her battery claim, and her intentional-infliction-of-emotional-distress ("IIED") claim; those claims are adjudicated and are not at issue for trial. The claims remaining for trial are: (1) Plaintiff's Nevada common-law false-imprisonment claim against Burse; (2) Plaintiff's claims that NDOC is vicariously liable for Burse's battery, false imprisonment, and IIED; and (3) Plaintiff's § 1983 Eighth Amendment failure-to-protect claim against Director Dzurenda in his official capacity, seeking prospective injunctive relief.

**Plaintiff's contentions:** Burse intentionally confined Plaintiff in his locked chapel office against her will. NDOC is vicariously liable for Burse's battery, false imprisonment, and IIED because his conduct was reasonably foreseeable under NRS 41.745, given NDOC's knowledge that the chapel was an isolated, high-risk area for staff-on-inmate sexual abuse, its awareness of prior staff-on-inmate abuse allegations, and its failure to enforce its own supervision, monitoring, and access policies. NDOC, through policies, customs, and practices for which the Director is the responsible official—including the absence of video monitoring in the chapel and chaplain's office and the non-enforcement of supervision and access rules—was and remains deliberately indifferent to a substantial risk of staff-on-inmate sexual abuse, entitling Plaintiff, who remains incarcerated at FMWCC, to prospective injunctive relief. Plaintiff seeks compensatory damages, attorney's fees and costs under 42 U.S.C. § 1988, and prospective injunctive relief.

**Defendants' contentions:** Defendant Burse (pro se) denies that he confined Plaintiff and contends she was free to leave and was instructed to do so. NDOC contends that Burse's conduct

was not reasonably foreseeable, so that vicarious liability does not attach under NRS 41.745. Defendant Dzurenda contends that Plaintiff cannot establish an official-capacity policy or custom that is the moving force behind an ongoing constitutional violation warranting prospective relief, and that no injunctive relief is warranted.

II.

**Statement of jurisdiction**: Plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada, on July 29, 2022. The State Defendants removed the action to the United States District Court for the District of Nevada on October 19, 2022. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (a)(4), because Plaintiff asserts a claim under 42 U.S.C. § 1983 for the deprivation of rights secured by the Eighth Amendment to the United States Constitution. The Court has supplemental jurisdiction over Plaintiff's Nevada state-law tort claims under 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b). Jurisdiction is not contested.

III.

**The following facts are admitted by the parties and require no proof:**

1. At all relevant times, Plaintiff Dawnyell Flynn was, and remains, an inmate in the custody of NDOC at FMWCC.

2. Donald Burse was employed by NDOC as an institutional chaplain at FMWCC during the period relevant to the Complaint.

3. James Dzurenda is the Director of NDOC and is sued in his official capacity only.

4. In Nevada state court, Burse pleaded guilty to conspiracy to commit unauthorized custodial conduct by an employee, in violation of NRS 199.480(3) and NRS 212.188(1)(b).

5. By Order entered March 18, 2026 (ECF No. 145), the Court granted Plaintiff summary judgment against Burse on her § 1983 Eighth Amendment sexual-assault claim, her battery claim, and her IIED claim, and denied the Defendants' cross-motion.

6. Discovery is closed.

**IV.**

**<u>The following facts, though not admitted, will not be contested at trial by evidence to the contrary:</u>**

1. The authenticity of Burse's state-court guilty-plea agreement and judgment of conviction.

2. The authenticity and business-records foundation of NDOC's PREA operational procedures (OP 421), the FMWCC PREA staff-training materials, NDOC's 2020 PREA Annual Report, the FMWCC § 115.13 staffing plans and reviews (2018–2021), the PREA Facility Audit Report dated January 26, 2022, the Religious Practice Manual and OP 810, and OP 400 (General Security Supervision).

3. The authenticity and business-records foundation of the Office of the Inspector General investigative file (IN-2021-0057), the § 115.86 Sexual Abuse Incident Review and committee-input documents, and the Attorney General prosecution referral.

4. The authenticity of Plaintiff's NDOC grievance records and her NDOC mental-health and classification records.

**V.**

**<u>The following are the issues of fact to be tried and determined at trial:</u>**

1. Whether Burse intended to confine Plaintiff within boundaries fixed by him.

2. Whether Burse's acts directly or indirectly resulted in Plaintiff's confinement.

3. Whether Plaintiff was conscious of the confinement or was harmed by it.

4. Whether Burse's battery, false imprisonment, and IIED were reasonably foreseeable to NDOC under the facts and circumstances, considering the nature and scope of his employment (NRS 41.745(1)(c)).

5. Whether NDOC had notice of a risk of staff-on-inmate sexual abuse and of the risk posed by unsupervised access to the chapel and chaplain's office.

6. Whether NDOC's customs and practices regarding supervision, logging, video monitoring, and access to the chapel and chaplain's office departed from its written policies.

7. Whether NDOC maintained a policy, custom, or practice that was a moving force behind a violation of Plaintiff's Eighth Amendment rights, and whether a substantial risk of serious harm to Plaintiff continues at FMWCC.

8. The nature and extent of Plaintiff's compensatory damages.

**VI.**

**<u>The following are the issues of law to be tried and determined at trial:</u>**

1. Whether the elements of civil false imprisonment under Nevada law are satisfied as to Burse.

2. Whether NDOC is vicariously liable for Burse's intentional torts under NRS 41.745, including whether the statutory foreseeability exception (NRS 41.745(1)(c)) is met.

3. The elements and standard governing Plaintiff's § 1983 Eighth Amendment official-capacity claim for prospective relief against Dzurenda, and whether Plaintiff has established an ongoing policy or custom warranting injunctive relief.

4. The scope and terms of any prospective injunctive relief, and whether the relief requested satisfies 18 U.S.C. § 3626(a). Plaintiff requests an order directing NDOC to: (a) install and maintain video monitoring in the chapel and chaplain's office and comparable isolated areas

identified in NDOC's PREA materials; (b) require contemporaneous logging of inmate movement to and from the chapel; (c) conduct and document unannounced supervisory rounds of the chapel area; (d) prohibit unsupervised one-on-one staff-inmate contact in the chapel offices; and (e) confirm completion of PREA staffing-plan reviews and staff training.

5. Whether, and to what extent, the official-capacity claim against Dzurenda—which seeks only prospective equitable relief—is to be tried to the Court rather than to a jury, and the extent to which the jury's findings on issues common to the legal claims bind the Court's determination of the equitable claim. The parties will address this issue in the separate briefing directed by the Court (ECF No. 145).

**VII.**

(a) **The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

1. Plaintiff's Exhibits: None stipulated at this time.

2. Defendants' Exhibits: None stipulated at this time.

(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

1**. Plaintiff's Exhibits:**

| | |
|---|---|
| Exhibit 1 | Guilty-Plea Agreement and Judgment of Conviction, State v. Burse. |
| Exhibit 2 | Attorney General Referral for Prosecution (NDOC000951). |
| Exhibit 3 | OIG Preliminary Incident Report / Investigation Closure Report, IN-2021-0057 (NDOC000953–NDOC001067). |
| Exhibit 4 | § 115.86 Sexual Abuse Incident Review – Final SAIR (NDOC000949–NDOC000950). |
| Exhibit 5 | § 115.86 Sexual Abuse Incident Review – Committee Input (NDOC000941–NDOC000948). |

| | |
|---|---|
| Exhibit 6 | Operational Procedure 421 (PREA), eff. 2/3/20 (NDOC000846–NDOC000868). |
| Exhibit 7 | Operational Procedure 810 (Inmate Worship Services), eff. 3/4/19. |
| Exhibit 8 | Operational Procedure 400 (General Security Supervision) (NDOC000929–NDOC000940). |
| Exhibit 9 | PREA Facility Audit Report, dated January 26, 2022. |
| Exhibit 10 | NDOC 2020 PREA Annual Report. |
| Exhibit 11 | FMWCC § 115.13 Staffing Plans and Reviews, 2018–2021 (NDOC000822–NDOC000845). |
| Exhibit 12 | Donald Burse Job Application (NDOC001068–NDOC001071). |
| Exhibit 13 | NDOC Religious Practice Manual. |
| Exhibit 14 | Dawnyell Flynn NDOC Grievance Records. |
| Exhibit 15 | Dawnyell Flynn NDOC Mental-Health and Classification Records. |

Plaintiff reserves the right to utilize any exhibits from Defendants' list of exhibits, Section VII(b)(2) infra; any exhibits from Defendants' FRCP 26(a)(1) and 26(a)(3) disclosures and supplements, and from Defendants' responses to Plaintiff's written discovery; and impeachment documents not listed herein.

2. **Defendants' Exhibits**:

| Number | Name |
|---|---|
| Ex. 1 | Burse – Guilty Plea Agreement |
| Ex. 2 | Transcript of Guilty Plea Hearing |
| Ex. 3 | Dzurenda Decl. |
| Ex. 4 | Flynn Responses to RFAs |

| | |
|---|---|
| Ex. 5 | Ivan Dubon's Probable Cause Attestation |
| Ex. 6 | NDOC Responses to Flynn ROGs |
| Ex. 7 | Assembly Minutes – 1997 |
| Ex. 8 | Burse Deposition |
| Ex. 9 | PREA Audit Results |
| Ex. 10 | NDOC Pre-Service Staff Training – PREA |
| Ex. 11 | Sexual Abuse Incident Review |
| Ex. 12 | Flynn Grievance History |
| Ex. 13 | Flynn ROG Responses |
| Ex. 14 | Burse HR File |
| Ex. 15 | Flynn Disciplinary History |
| Ex. 16 | Burse Background Report |

Objections. Defendant NDOC objects to all Plaintiff's exhibits on the basis of hearsay. : Defendant NDOC objects to Exhibits 2, 11, and 13 on the basis of relevance. Plaintiff's objections to Defendants' exhibits: Plaintiff objects to Exhibit 3 (Dzurenda Decl.) on hearsay grounds and as a self-serving out-of-court statement offered for its truth; to Exhibits 6 (NDOC Responses to Flynn ROGs) and 13 (Flynn ROG Responses), to the extent offered by Defendants for the truth of the matter asserted, on hearsay grounds and under the rule of completeness; to Exhibit 7 (Assembly Minutes – 1997) on relevance grounds and as unfairly prejudicial, confusing, and a waste of time; to Exhibit 15 (Flynn Disciplinary History) on relevance grounds, as improper character and propensity evidence, and as substantially more prejudicial than

probative; and to Exhibits 14 (Burse HR File) and 16 (Burse Background Report) on hearsay and lack-of-foundation and authentication grounds. Plaintiff reserves all foundation, authentication, completeness, relevance, and unfair-prejudice objections as to each of Defendants' exhibits pending their exchange and Bates identification.

(c) **Electronic Evidence**: Plaintiff does not presently intend to present evidence in electronic format to the jury for purposes of jury deliberations, and reserves the right to do so; counsel will consult the courtroom administrator regarding format and requirements.

**(d) Depositions**:

1. **Plaintiff will offer the following deposition testimony**. As to Defendant Burse, a party, Plaintiff may offer the designated testimony for any purpose under Fed. R. Civ. P. 32(a)(2). As to the remaining deponents, Plaintiff will offer the designated testimony in the event the witness is unavailable within the meaning of Fed. R. Civ. P. 32(a)(4), and otherwise as permitted by the Federal Rules of Evidence. Plaintiff reserves the right to use any deposition for impeachment and rebuttal without designation, and to counter-designate under the rule of completeness.

| | |
|---|---|
| Helen S. Peterson, individually and as NDOC's Rule 30(b)(6) designee (June 13, 2025) | 16:12–17:6; 18:23–19:2; 31:3–6; 31:22–32:3; 34:21–35:7; 39:8–12; 40:11–15; 40:17–20; 41:6–8; 42:6–43:6; 43:7–22; 45:6–13; 45:21–46:9; 47:7–48:10; 48:11–15. |
| Ivan J. Dubon (June 13, 2025) | 13:8–9; 14:1–7; 24:4–9; 25:16–26:1; 29:1–15; 30:1–7; 32:18–21; 33:7–12; 33:13–20; 34:22–35:9; 36:11–18. |
| Jerry Howell (June 9, 2025) | 10:3–11:8; 24:14–19; 25:9–26:20; 31:3–8; 44:24–45:11; 50:2–21. |
| Donald Burse (June 12, 2025) | 23:19–25. |
| Donald Burse (October 14, 2025) | 101:9–106:10; 114:14–22; 116:2–117:13; 117:25–118:2; 121:12–16; 122:2–3; 124:1–125:8; 127:11–128:18; 138:11–25. |

**2. Defendants will offer the following depositions**:

NDOC:

| | |
|---|---|
| Helen S. Peterson | Pages 4, 23–26, 34–35, 39, and 52. 5:19-22; 9:9-19; 14:11-17; 16:12-17:6; 23:2-11; 27:11-21; 35:10-36:19; 40:8-10, 17-20; 49:8-50:19; 51:23-52:4. |
| Ivan J. Dubon | Pages 12-15, 19-26, 28, 30-32 |
| Jerry Howell | 9:14-16, 12:1-5; 14:8-10; 15:5-20; 23:13-23; 36:7-15; 37:9-38:5; 47:18-20; 49:4-50:21; 51:17-52:53:3; 53:8-55:18. |
| Donald Burse (June 12, 2025) | Entire deposition. Defendant Burse's depositions are statements of a party opponent and may be used substantively pursuant to FRE 801(d)(2). |
| Donald Burse (October 14, 2025) | Entire deposition. Defendant Burse's depositions are statements of a party opponent and may be used substantively pursuant to FRE 801(d)(2). |
| Stanley Kephart | 30:14-22; 33:23-25; 34:1-25; 35:1; 40:10-25; 41:1-3; 48:13-22; 49:1-8; 51:16-22; 52:24-25; 53:1-5; 54:6-20; 55:2-18; 87:10-24 |

Defendant NDOC reserves the right to use any deposition testimony for impeachment and/or rebuttal without designation, and to counter-designate under the rule of completeness at a later date.

Defendant Burse:

Helen S. Peterson, individually and as NDOC's Rule 30(b)(6) designee (June 13, 2025)

Ivan J. Dubon (June 13, 2025)

Jerry Howell (June 9, 2025)

Donald Burse (June 12, 2025)

Donald Burse (October 14, 2025)

Dawynell Flynn

(e) Objections to Depositions:

1. Defendants' objections to Plaintiff's designations: NDOC: the deposition of Helen Peterson should include her statements from Page 52 about the limitations of her personal knowledge.

2. Plaintiff's objections to Defendants' designations: Plaintiff objects to Defendant NDOC's designation of the Stanley Kephart deposition on foundation and improper-opinion grounds, and to the extent it offers expert opinion or legal conclusions beyond the scope of the witness's disclosed expertise. Plaintiff objects to Defendants' designations of the Peterson, Dubon, and Howell depositions to the extent offered for the truth of the matter asserted where the witness is available to testify live, and reserves rule-of-completeness counter-designations. Plaintiff reserves all objections to Defendants' deposition designations pending final exchange.

**VIII.**

**<u>The following witnesses may be called by the parties at trial</u>**:

(a) **Plaintiff's witnesses:**

Dawnyell Flynn, Plaintiff
c/o Sgro & Roger
2901 El Camino Avenue, Suite 204
Las Vegas, NV 89102; (702) 384-9800.

Donald Burse
4112 California Condor Avenue
North Las Vegas, NV 89084.

Ivan J. Dubon, Investigator
NDOC Office of the Inspector General
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900

Las Vegas, NV 89101; (702) 486-3427.

Camille Gallarde
Florence McClure Women's Correctional Center
4370 Smiley Road, Las Vegas, NV 89115.

Rowena Clark
Florence McClure Women's Correctional Center
4370 Smiley Road, Las Vegas, NV 89115.

Anishya Douglas
Florence McClure Women's Correctional Center
4370 Smiley Road, Las Vegas, NV 89115.

Shanice McKinnley
Florence McClure Women's Correctional Center
4370 Smiley Road, Las Vegas, NV 89115.

Helen Peterson, PREA Compliance Manager, FMWCC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Jerry Howell, former Warden, FMWCC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Deborah Striplin, PREA Coordinator
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Nancy Hardy, PREA Auditor
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Charles Daniels, former NDOC Director
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Bill Quenga, NDOC Director
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900

Las Vegas, NV 89101.

Lt. Kinanewells, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Sergeant Jefferson, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Corrections Officer Leifer, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Corrections Officer Clinkscales, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Julie Abbate, J.D., Plaintiff's expert
c/o Sgro & Roger
2901 El Camino Avenue, Suite 204
Las Vegas, NV 89102.

Custodian(s) of Records, Nevada Department of Corrections
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Plaintiff reserves the right to call any witness disclosed by any party, any witness necessary for impeachment or rebuttal, and any custodian of records necessary to authenticate exhibits.

(b) **Defendants' witnesses**:

NDOC:

Stanley L. Kephart
c/o Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100

Las Vegas, NV 89119

Ivan J. Dubon, Investigator
NDOC Office of the Inspector General
c/o Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119

Helen Peterson, PREA Compliance Manager, FMWCC
c/o Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119

Dawnyell Flynn, Plaintiff
c/o Sgro & Roger
2901 El Camino Avenue, Suite 204
Las Vegas, NV 89102; (702) 384-9800.

Defendant NDOC reserves the right to call any party, any witness disclosed by any party, any witness necessary for impeachment, any witness necessary for rebuttal, and any custodian of records necessary to authenticate exhibits.

Defendant Burse:

Dawnyell Flynn, Plaintiff
c/o Sgro & Roger
2901 El Camino Avenue, Suite 204
Las Vegas, NV 89102; (702) 384-9800.

Ivan J. Dubon, Investigator
NDOC Office of the Inspector General
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101; (702) 486-3427.

Corrections Officer, Genesia Garcia, NDOC
c/o Office of the Attorney General

555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Corrections Officer, Renee Gardner, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Corrections Officer, Denise Smith, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Corrections Officer, Felica Brooks, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Nash **, former Associate Warden, FMWCC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Oliver ****, former Associate Warden, FMWCC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Jerry Howell, former Warden, FMWCC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900

Las Vegas, NV 89101.

Lt. Kinanewells, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Sergeant Jefferson, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Corrections Officer Leifer, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

Corrections Officer Clinkscales, NDOC
c/o Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101.

## IX.

**The attorneys and parties have met and jointly offer these three trial dates**:

March 1, 2027 April 19, 2027 May 3, 2027

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

**X.**

It is estimated that the trial will take a total of 7 days.

PLAINTIFF'S NOTE REGARDING SIGNATURES: The State Defendants provided their portions of this Proposed Joint Pretrial Order, and Defendant Donald Burse (pro se) participated in its preparation. On September 21, 2026, Plaintiff circulated the complete, revised order to counsel for the State Defendants and to Defendant Burse and requested each party's signature or authorization to affix a conformed signature. As of the time of filing, Plaintiff has received no response and no signature authorization from the State Defendants. Plaintiff files this Proposed Joint Pretrial Order now to comply with the Court's September 21, 2026 deadline (ECF No. 157), and will promptly file a fully executed order, or a notice of the State defendants' position, upon receipt.

APPROVED AS TO FORM AND CONTENT:

**SGRO & ROGER**

By: /s/ *Elaine Odeh*
ELAINE ODEH, ESQ.
ANTHONY P. SGRO, ESQ.
Attorneys for Plaintiff

**OFFICE OF THE NEVADA ATTORNEY GENERAL**

By: /s/ *Jessica E. Whelan*

JESSICA E. WHELAN, Deputy Attorney General

AARON FORD

Attorneys for Defendants NDOC and Director Dzurenda

**DONALD BURSE**, Defendant, Pro Se

By: /s/ *Donald Burse*

**IT IS HEREBY ORDERED THAT:**

1. Trial date. This case is set down for a JURY trial on Monday, March 1, 2027, at 9:00 a.m. on a two-week trial stack.
2. Calendar call. The parties must appear for Calendar Call on February 8, 2027, at 1:30 p.m.
3. Length of trial. Though the parties have indicated that they anticipate this will be a 7-day trial, upon review, the court concludes that this case should take no more than 5 full days to try, so the parties must plan and prepare their witness schedules to finish this trial within 5 days, (25 court hours, which is 5 court hours per day) to complete. To ensure that the case is completed within that time frame, **each side will have 12.5 hours of court time**, unless counsel, after a meet and confer, stipulate to a different split. **The court utilizes a chess clock to keep time, and the clock will be running continuously while court is in session.** The time consumed by voir dire will be deducted equally from both sides. During voir dire, the court will seek a jury that is time-qualified for 5 days.
4. Trial documents must be filed by Calendar Call. No later than noon on the day of the scheduled Calendar Call, each party must file with the Court: (a) the parties' trial briefs; (b) a list of each party's witnesses; (c) a stipulated exhibit list, and separate exhibit lists for exhibits that are not stipulated (the parties must meaningfully meet and confer to prepare a stipulated exhibit list before this deadline); (d) jointly proposed jury instructions and separate jury instructions for proposed instructions that are not stipulated to; (e) each party's proposed voir dire questions.
5. Deposition designations. Any party who anticipates presenting deposition testimony in lieu of live testimony must file (a) page-and-line designations along with (b) a mini version of each relevant deposition transcript, no later than noon on the day before the

scheduled Calendar Call. Objections to such designations must be filed no later than three calendar days after the designations are filed—or objections are deemed waived. **No extensions of these deposition-designation deadlines will be granted**, with or without a stipulation, because rulings on such designations are time-consuming and the court requires sufficient time in advance of trial to make them. **Failure to timely file deposition designations will result in the exclusion of the deposition testimony from trial.**

6. Motions in limine. Motions in limine (MIL) are due January 4, 2027, and responses are due 14 days later. These order-set deadlines override any federal or local rule and will not be extended absent extraordinary circumstances. MIL replies will be allowed only with leave of court, and each side may file only a single request for leave, see L.R. 16-3(a).

The process for preparing and filing motions in limine will be governed by the following additional rules and considerations:

(a) Meaningful meet-and-confer required. As Local Rule 16-3 requires, before any motion in limine is filed, the parties must meet and confer (by telephone or in person not merely by email or some other form of writing) about the substance of each contemplated in-limine issue and attempt to reach an agreement on the issue. Evidentiary agreements reached during this process must be memorialized by a written stipulation. If the parties do not reach an agreement on an issue and a motion in limine remains necessary, the motion must be accompanied by a declaration certifying that counsel actually conferred in good faith to resolve the issue before the motion was filed (or re-filed), see L.R. 16-3(a). The failure to include the certificate of counsel will result in the automatic denial of the motion without the opportunity to cure this deficiency.

(b) Motions in limine must address only true evidentiary issues and not be belated motions for dispositive rulings disguised as a motion in limine.

(c) <u>Omnibus filing</u>. **Any party desiring to file motions in limine must include all in-limine issues in a SINGLE, omnibus motion** that numbers each issue consecutively; no party may file multiple, separate motions. This format eliminates the need for redundant recitations of facts and introductory statements of the law. If the size of the omnibus motion exceeds the page limit in the local rule, see L.R. 7-3(b), a separate motion to exceed the page limits must be filed contemporaneously with the omnibus motion; the motion to exceed page limits must not be styled as an "emergency."

(d) The parties are cautioned that vague requests based on speculative issues, like requests to generally preclude improper attorney arguments, violations of the golden rule, or irrelevant evidence will be flatly denied. The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same. Motions seeking little more than an order enforcing a rule waste the court's time and the parties' resources. Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys.

This order will govern the trial of this case and may not be amended except by order of the court.

DATED: 9/24/2026

Jennifer A. Dorsey
United States District Judge